IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

|  |  |
|---|---|
| JOSEPH MORREY and BETH MORREY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, <br><br> Defendants. | Case No. 2:15-cv-4208-NKL <br><br> <u>Jury Trial Demanded</u> |

**SUGGESTIONS IN SUPPORT OF DEFENDANT'S UNOPPOSED
MOTION FOR A STAY OF PROCEEDINGS AND ENLARGEMENT
OF DEFENDANT'S TIME TO ANSWER, PENDING OUTCOME
<u>OF MDL HEARING</u>**

Defendant Volkswagen Group of America, Inc. ("VWGoA") files its unopposed motion: (1) to stay all proceedings in this case pending the outcome of the Judicial Panel on Multidistrict Litigation's (the "JPML") decision on the pending motions for transfer of related actions based on common questions of fact as those contained in Plaintiffs' Complaint in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672: and (2) for an enlargement of time for VWGoA to respond to Plaintiffs' Class Action Petition, to run until such time as the Court orders, following the outcome of the JPML decision on the pending motions.

With a JPML hearing scheduled for December 3, 2015, on whether over 300 cases arising out of the same facts should be transferred to a single court for coordinated or

1

consolidated pretrial proceedings, a stay of proceedings, and accompanying extension of VWGoA's answer deadline, would conserve judicial resources, avoid potential duplication of effort and expense for both parties, will not prejudice Plaintiff, and would avoid the risk of undue prejudice to Defendant through other courts' conflicting rules, requirements and deadlines, inconsistent pretrial obligations, and potentially other inconsistent rulings.

## BACKGROUND

On September 28, 2015, Plaintiffs filed their Class Action Complaint, asserting claims against VWGoA for violation of the Magnuson-Moss Warranty Act, the Missouri Merchandising Practices Act, and unjust enrichment. VWGoA was served with the Complaint on October 1, 2015, and its responsive pleading is due on October 22, 2015. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

More than 300 other actions are pending against VWGoA in judicial districts across the country based on substantially the same factual allegations as those alleged in Plaintiffs' Petition (the "Related Actions"). A listing of related cases has been filed with this Court (see **ECF Doc. #7**). On September 23, 2015, a motion was filed in the Judicial Panel on Multidistrict Litigation ("JPML") for transfer of all Related Actions then filed in federal district court and any future tag-along actions (the "D'Angelo MDL Motion") to a single court for coordinated or consolidated pretrial proceedings. Two other motions to transfer have since followed (together with the D'Angelo MDL Motion, "the MDL Motions") in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672. The Clerk of the JPML set a briefing schedule requiring all responses to the MDL Motions by October 20, 2015, and scheduled a hearing date of December 3, 2015 for

2

Case 2:15-cv-04208-NKL   Document 9   Filed 10/15/15   Page 2 of 5

consideration of the MDL Motions. VWGoA is a defendant in each of the Related Actions and supports transfer of the Related Actions for coordinated or consolidated pretrial proceedings.

## ARGUMENT

### A stay of proceedings, and accompanying extension of VWGoA's answer deadline, should be granted. This would conserve judicial resources, avoid potential duplication of effort and expense for both parties, will not prejudice Plaintiff, and would avoid the risk of undue prejudice to Defendant.

With the JPML hearing scheduled in the near future, the granting of a stay pending the outcome of the hearing on MDL motions would conserve judicial resources, avoid potential duplication of effort and expense for both parties, will not prejudice Plaintiff, and would avoid the risk of undue prejudice to Defendant through other courts' conflicting rules, requirements and deadlines, inconsistent pretrial obligations, and potentially other inconsistent rulings. Courts generally consider three factors when determining whether a stay is appropriate pending the Panel's consideration of a motion to transfer a case for coordinated or consolidated proceedings: (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Johnson v. KFC Corp.,* 2007 U.S. Dist. LEXIS 82860 at *5, no. 07-0416-CV-W-HFS (W.D. Mo. Nov. 7, 2007); *Witherspoon v. Bayer Healthcare Pharms. Inc.,* 2013 U.S. Dist. LEXIS 163616 at *5-*6 (E.D. Mo. Nov. 18, 2013); *Miller v. Bayer Healthcare Pharms., Inc.,* 2015 U.S. Dist. LEXIS 126195 at *4 (E.D. Mo. Sept. 22, 2015). Here, each of these factors weighs in favor of granting a stay.

3

Deferring VWGoA's response to the Petition until the JPML rules will not prejudice Plaintiff, and a stay will not substantially delay resolution of this matter given the December 3, 2015 hearing before the JPML on the MDL Motions. Extending the time for VWGoA to file responsive pleadings serves "to secure the just, speedy, and inexpensive determination" of this and the Related Actions, Fed. R. Civ. P. 1, and thus to hold that the requisite "good cause" exists in this case, Fed. R. Civ. P. 6(b)(1)(A).

## CONCLUSION

1. The Court should stay all proceedings in this case until after a final determination is made as to whether this action is to be transferred by the Judicial Panel on Multidistrict Litigation.

2. The Court should extend VWGoA's present October 22, 2015 deadline for responding to Plaintiff's Complaint until such time as the Court may order following the outcome of the JPML's decision on the pending MDL Motions or, in the alternative, until such time as the Court may order after the Court rules on VWGoA's Motion to Stay, and award any other relief that this Court deems just and proper.

Dated: October 15, 2015

Respectfully submitted,

/s/ John W. Cowden
John W. Cowden         MO #21447
David M. Eisenberg      MO #54767
Baker Sterchi Cowden & Rice, LLC
2400 Pershing Road, Suite 500
Kansas City, MO 64108-2533
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
cowden@bscr-law.com
eisenberg@bscr-law.com
**Attorneys for Volkswagen Group of America, Inc.**

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2015, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF system, which will send notification to the following counsel of record:

Norman E. Siegel
STUEVE SIEGEL HANSON, LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
siegel@stuevesiegel.com

/s/ John W. Cowden
Attorney for Volkswagen Group of America, Inc.

4813-7132-7273, v. 1